UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

MICHAEL WAYNE KELLER,

      Petitioner,

v.                                          Case No. 2:24-cv-88

CHADWICK S. DOTSON, Director,
Virginia Department of Corrections,

      Respondent.

**<u>FINAL ORDER</u>**

      Before the Court is Michael Wayne Keller's Objection to the Magistrate Judge's Report and Recommendation ("R&R"). ECF No. 14. For the reasons stated below, Keller's Objection, ECF No. 16, is OVERRULED, Respondent's Motion to Dismiss, ECF No. 9, is GRANTED, Keller's Motion to Dismiss, ECF No. 13, is DENIED, and the Petition, ECF No. 1, is DENIED and DISMISSED WITH PREJUDICE.

## I.     LEGAL STANDARD

      When a petition is referred for a report and recommendation, "the magistrate [judge] makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). If a specific objection to the report and recommendation is made, the Court "shall make a *de novo*[1]

---

[1]    "*De novo*" means "anew." *De Novo*, BLACK'S LAW DICTIONARY (7th ed. 1999). In the context of this statute, it means that the District Court considers the issues objected to as if for the first time, without considering the Report and Recommendation.

determination of those portions of the report . . . to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to conduct a review or provide an explanation for adopting the factual or legal conclusions of the magistrate judge's report and recommendation to which no objection is made. Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole¸* 974 F.2d 1330 (Table) (4th Cir. 1992); *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the report and recommendation where a party has made a specific written objection. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

## II.   BACKGROUND

On February 27, 2020, Keller was convicted by a Newport News Circuit Court jury of aggravated malicious wounding and use of a firearm in the commission of a felony. ECF No. 11, Ex. 1 at 11. On June 16, 2020, Keller was sentenced to twenty years for aggravated malicious wounding and three years for use of a firearm in the commission of a felony. *Id.* at 11–13. Keller appealed his conviction and sentence. *Id.*, Ex. 2 at 90–110. The Court of Appeals denied his appeal. *Id.* at 1–11. Keller then appealed to the Supreme Court of Virginia, *id.*, Ex. 3 at 3 – 24, which issued a summary denial, *id.* at 1. On August 12, 2022, Keller, proceeding *pro se¸* filed a state habeas petition in the Circuit Court of Newport News. *Id.*, Ex. 4 at 22–34. The circuit court found Keller's claims to be without merit and dismissed the Petition. *Id.* at 1–4. Keller appealed, *id.*, Ex. 5 at 3–51, and his appeal was summarily denied on December 11, 2023, *id.* at 1.

On January 26, 2024, Keller filed the instant Petition under 28 U.S.C. § 2254 in this Court. ECF No. 1. Keller asserts the following claims in his Petition:

Petitioner was denied his 5th, 6th and 14th Constitutional Amendment rights to due process and the effective assistance of counsel. Counsel for petitioner proved

ineffective during trial when failing to request a jury instruction defining heat of passion, which prejudiced petitioner because absent the instruction deprived the jury of any legal avenue to find Petitioner guilty of of [sic] the lesser offense of unlawful wounding as opposed to aggravated malicious wounding, as charged.

ECF No. 1 at 5.

On August 26, 2024, Magistrate Judge Leonard issued the R&R recommending that this Court grant the Respondent's Motion to Dismiss, deny Keller's Motion to Dismiss, and deny and dismiss with prejudice the Petition. ECF No. 14. In support of this recommendation, Magistrate Judge Leonard concluded (1) that Keller's first claim, relating to various constitutional due process violations, was "simultaneously exhausted and procedurally defaulted for purposes of federal habeas review," *id.* at 9, and (2) that as to Keller's second claim, the Circuit Court of Newport News's finding that Keller failed to satisfy the standard in *Strickland v. Washington*, 466 U.S. 668 (1984), was not unreasonable, *id.* at 15. Keller timely objected. ECF No. 16. However, Keller only objected to Magistrate Judge Leonard's finding relating to his second claim. *Id.* at 2. Accordingly, this Court will conduct a *de novo* review of the portions of the R&R addressing Keller's second claim (his ineffective assistance of counsel claim) and will review the remainder of the R&R for clear error.

### III.    ANALYSIS

A petition seeking habeas relief shall be granted only when a petitioner can show that the adjudication of his state court claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). For Keller to have been entitled to habeas relief in state court based on his ineffective assistance of counsel claim, he would have had to show that (1) his counsel provided deficient assistance and

(2) he was prejudiced because of counsel's deficiency. *Strickland*, 466 U.S. at 700. To satisfy the first prong enumerated in *Strickland*, Keller was required to show that his "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688–89. To satisfy the second prong, Keller was required to show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

The last reasoned decision was that of the Circuit Court of Newport News. ECF No. 11, Ex. 4, 1–4. Accordingly, this Court must look at whether that decision was contrary to or an unreasonable application of clearly established Federal law or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Wilson v. Sellers*, 584 U.S. 122, 128–30 (2018). The Circuit Court held that Keller failed to satisfy the test as outlined in *Strickland*. ECF No. 11, Ex. 4 at 2–3. Specifically, the Circuit Court found that Keller failed to show that his counsel provided deficient assistance that prejudiced him. *Id.* The Circuit Court further opined that:

> Keller's claim of ineffective assistance of counsel is based on a mistaken factual premise. He argues that the jury should have been instructed on the definition of heat of passion as that term is defined in the Virginia Model Jury Instruction (VMJI).
>
> The Court finds that the record in the criminal case demonstrates that the very definition that he contends should have been provided (VMJI 37.200) was in fact provided to the jury in Instruction 13. That instruction first defined malice, then defined heat of passion. The Court further finds that Keller's counsel argued to the jury that Keller did not intend to shoot the victim and that Keller was in a very heightened emotional state, with no cooling off period. Counsel argued that the shooting was a tragic accident.
>
> The Court finds that the jury had definitions of malice and heat of passion. The Court further finds that the jury was instructed on the presumption of innocence and the Commonwealth's burden of proof. It was given the "waterfall" instruction, advising that it must resolve any question as to severity of offense in favor of the lesser crime. The Court finds that the jury received correct and proper instructions to guide its application of the law to the facts. The jury rejected Keller's defense.
>
> *Id.*

4

Following a *de novo* review, this Court finds that Keller has failed to show that the adjudication of his state court claims was contrary to or an unreasonable application of clearly established Federal law or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. The Court agrees that Keller's claim of ineffective assistance of counsel is based on a mistaken factual premise. *Id.* Keller believes a heat of passion instruction was not given and that it was ineffective for his counsel not to advocate for it. ECF No. 1 at 5. However, a review of the record clearly shows that Keller's attorney asked that the instruction be given and that it was given. ECF No. 11, Ex. 1 at 3. Accordingly, Keller's Objection is OVERRULED.

## IV.    CONCLUSION

Following careful consideration, the Court ACCEPTS AND ADOPTS IN WHOLE the Report and Recommendation. Accordingly, Keller's Objection, ECF No. 16, is OVERRULED, Respondent's Motion to Dismiss, ECF No. 9, is GRANTED, Keller's Motion to Dismiss is DENIED, ECF No. 13, and Keller's Petition, ECF No. 1, is DENIED and DISMISSED WITH PREJUDICE.

Finding that the basis for dismissal of Keller's Section 2254 Petition is not debatable and alternatively finding that Keller has not made a "substantial showing of the denial of a constitutional right," a certificate of appealability is DENIED. 28 U.S.C. § 2253(c); *see* Rules Gov. § 2254 Cases in U.S. Dist. Cts. 11(a); *Miller-El v. Cockrell*, 537 U.S. 322, 335–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–85 (2000).

Keller is ADVISED that because a certificate of appealability is denied by this Court, he may seek a certificate from the United States Court of Appeals for the Fourth Circuit. Fed. R. App. P. 22(b); Rules Gov. § 2254 Cases in U.S. Dist. Cts. 11(a). If Keller intends to seek a certificate

of appealability from the Fourth Circuit, he must do so within thirty (30) days from the date of this Order. Keller may seek such a certificate by filing a written notice of appeal with the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510.

The Clerk shall forward a copy of this Order to Keller and to counsel of record for the Respondent.

It is SO ORDERED.

/s/

Elizabeth W. Hanes
United States District Judge

Norfolk, Virginia
Date: February 20, 2025